IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | §   CASE NO. 9:11-CR-00033-MAC-ZJH |
| vs. | § |
| | § |
| | § |
| | § |
| TERRY LEE LOVING (1) | § |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On March 17, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Jim Noble. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offenses of Conspiracy to Manufacture Methamphetamine, a Class B felony, and Possession of Listed Chemicals for Use in Manufacturing Methamphetamine, a Class C felony, Defendant Terry Lee Loving, was sentenced on March 7, 2012, by United States District Judge Ron Clark. The offenses carried statutory maximum imprisonment terms of 40 years and 20 years, respectively. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. The Court sentenced Defendant to an imprisonment term of 179 months, after reducing the sentence by 9 months to account for time served in state custody, to be served concurrently, followed by a 5-year term of supervised release and a 3-year term of supervised release, respectively, to run concurrently, subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse aftercare, and a $200 special assessment. On October 13, 2015, the Court reduced

1

Defendant's sentence to a term of imprisonment of 142 months, with no change to the terms of supervised release. Defendant completed his term of imprisonment and started his term of supervised release on June 9, 2022. The case was reassigned to United States District Judge Marcia Crone on December 2, 2022. The Court modified Defendant's conditions of supervised release on December 22, 2022 to include placement in a residential reentry center for a period of 180 days.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on March 3, 2025, United States Probation Officer Alan Elmore alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant committed the offense of Possession of a Controlled Substance Penalty Group 1/1B >= 1 gram < 4 grams (methamphetamine) in Polk County, Texas, on February 25, 2025. Defendant was booked into the Polk County Jail in Livingston, Texas, with bond set at $15,000. According to the Polk County Jail, Defendant posted bond and was released on February 26, 2025.

2. **Allegation 2 (mandatory condition): The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.** It is alleged that the February 25, 2025 arrest in Polk County, Texas, is evidence that Defendant possessed a quantity of methamphetamine between 1 and 4 grams.

3. **Allegation 3 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant submitted urine specimens that tested positive for methamphetamine on October 20, 2022, November 2, 2022, and December 19, 2022. Defendant admitted to the use of the illegal drug on each occasion.

4. **Allegation 4 (standard condition 9): The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.** It is alleged that Defendant was with another individual on February 25, 2025, when he was arrested. This individual was in possession of a THC edible that field tested

with a higher concentration than the legal limit of .03. According to the arrest report, both Defendant and this individual admitted to the use of methamphetamine to the arresting officer.

5. **Allegation 5 (standard condition 11): The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** On March 3, 2025, Polk County Jail officials advised the probation officer that Defendant posted bond on February 26, 2025, and he was released. Defendant did not make contact with the probation officer to report the arrest.

6. **Allegation 6 (special condition): The defendant must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence at a time arranged by the U.S. Probation Office. The defendant must abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prisons' guidelines.** It is alleged that Defendant started the 180-day placement at County Rehabilitation Center (CRC) in Tyler, Texas, on January 19, 2023. On June 20, 2023, Defendant left CRC without permission stating that he felt threatened by his roommate and felt unsafe and unprotected. Defendant was unsuccessfully discharged from CRC with 28 days remaining in his placement.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offenses of conviction were Class B and Class C felonies, respectively. Accordingly, the maximum imprisonment sentence that may be imposed is 3 years and 2 years, respectively. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using and thereby possessing methamphetamine or by committing the offense of Possession of a Controlled Substance Penalty Group 1/1B >= 1 gram < 4 grams (methamphetamine), as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1.(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 21 to 27 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using methamphetamine, associating with an individual engaged in criminal activity, failing to report his arrest, and being unsuccessfully discharged from community confinement, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the guidelines provide a guideline imprisonment range for a Grade C violation of 8 to 14 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

### *Hearing*

On March 17, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition and to jointly request a sentence

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

of imprisonment for a term of 23 months with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville and place him in the RDAP program.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 23 months with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 23 months with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant at FCI Seagoville and place him in the RDAP program.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation

and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 23 months with no further term of supervised release.

So ORDERED and SIGNED this 17th day of March, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE